DOUGLAS M. MILLER (Cal. Bar No. 240398)
Email: millerdou@sec.gov
TAMAR M. BRAZ (Cal. Bar No. 264080)
Email: brazt@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Alka N. Patel, Associate Regional Director
Amy J. Longo, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. CV 17-7186 PA (MRWx) |
| Plaintiff, | **FINAL JUDGMENT AS TO DEFENDANT VIJAYA ANANDA** |
| vs. | |
| ANAND JAYAPALAN, ANANDA KUMAR ANANDA, also known as "Kumar Ananda," RAJNI NAIR, and VIJAYA ANANDA, | |
| Defendants. | |

The Securities and Exchange Commission having filed a Complaint and
Defendant Vijaya Ananda having entered a general appearance; consented to the
Court's jurisdiction over Defendant and the subject matter of this action; consented to
entry of this Final Judgment without admitting or denying the allegations of the
Complaint (except as to jurisdiction and except as otherwise provided herein in
paragraph III); waived findings of fact and conclusions of law; and waived any right
to appeal from this Final Judgment:

1

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 14(e) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78n(e)] and Rule 14e-3 [17 C.F.R. § 240.14e-3] promulgated thereunder, in connection with any tender offer or request or invitation for tenders, from engaging in any fraudulent, deceptive, or manipulative act or practice, by:

(a)     purchasing or selling or causing to be purchased or sold the securities sought or to be sought in such tender offer, securities convertible into or exchangeable for any such securities or any option or right to obtain or dispose of any of the foregoing securities while in possession of material information relating to such tender offer that Defendant knows or has reason to know is nonpublic and knows or has reason to know has been acquired directly or indirectly from the offering person; the issuer of the securities sought or to be sought by such tender offer; or any officer, director, partner, employee or other person acting on behalf of the offering person or such issuer, unless within a reasonable time prior to any such purchase or sale such information and its source are publicly disclosed by press release or otherwise; or

(b)     communicating material, nonpublic information relating to a tender offer, which Defendant knows or has reason to know is nonpublic and knows or has reason to know has been acquired directly or indirectly from the offering person; the issuer of the securities sought or to be sought by such tender offer; or any officer, director, partner, employee, advisor, or other person acting on behalf of the offering person of such issuer, to any person under circumstances in which it is reasonably foreseeable that such communication is likely to result in the purchase or sale of securities in the manner described in subparagraph (a) above,

2

except that this paragraph shall not apply to a communication made in good faith

      (i)     to the officers, directors, partners or employees of the offering person, to its advisors or to other persons, involved in the planning, financing, preparation or execution of such tender offer;

      (ii)    to the issuer whose securities are sought or to be sought by such tender offer, to its officers, directors, partners, employees or advisors or to other persons involved in the planning, financing, preparation or execution of the activities of the issuer with respect to such tender offer; or

      (iii)   to any person pursuant to a requirement of any statute or rule or regulation promulgated thereunder.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $5,145.05, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $51.45, and a civil penalty in the amount of $5,145.05 pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].  Defendant shall satisfy this obligation by paying $10,341.55 to the Securities and Exchange Commission within

1 45 days after entry of this Final Judgment.

2      Defendant may transmit payment electronically to the Commission, which will

3 provide detailed ACH transfer/Fedwire instructions upon request. Payment may also

4 be made directly from a bank account via Pay.gov through the SEC website at

5 http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified

6 check, bank cashier's check, or United States postal money order payable to the

7 Securities and Exchange Commission, which shall be delivered or mailed to

8      Enterprise Services Center

9      Accounts Receivable Branch

10      6500 South MacArthur Boulevard

11      Oklahoma City, OK 73169

12 and shall be accompanied by a letter identifying the case title, civil action number,

13 and name of this Court; Vijaya Ananda as a defendant in this action; and specifying

14 that payment is made pursuant to this Final Judgment.

15      Defendant shall simultaneously transmit photocopies of evidence of payment

16 and case identifying information to the Commission's counsel in this action. By

17 making this payment, Defendant relinquishes all legal and equitable right, title, and

18 interest in such funds and no part of the funds shall be returned to Defendant. The

19 Commission shall send the funds paid pursuant to this Final Judgment to the United

20 States Treasury.

21      The Commission may enforce the Court's judgment for disgorgement and

22 prejudgment interest by moving for civil contempt (and/or through other collection

23 procedures authorized by law) at any time after 14 days following entry of this Final

24 Judgment. Defendant shall pay post judgment interest on any delinquent amounts

25 pursuant to 28 U.S.C. § 1961.

26

27

28

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated:  February 27, 2018

Percy Anderson
UNITED STATES DISTRICT JUDGE